IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DIWANN MATHIS, MARKETA )
MATHIS, MINOR CHILD/N.W., )
MINOR CHILD/D.M. and )
MINOR CHILD/D.M., )
                                )
           Plaintiffs, )
                                )
       v. )      C.A. No. N20C-01-222 CEB
                                )
ELCO CLAIMS SERVICE/ )
ENTERPRISE LEASING CO. )
OF PHILADELPHIA, LLC, )
SHERREL DORSEY and )
JACQUAN REEVES, )
                                )
          Defendants. )

Submitted: September 14, 2020
Decided: September 25, 2020

*Upon Consideration of Defendants'*
*Motion to Dismiss.*
**GRANTED**

**ORDER**

The Complaint in this matter is *pro se*, not in proper form, but the best the Court can make of it reveals the following:

1.     Plaintiffs are Diwann and Marketa Mathis and their children. They were injured in their automobile when it was stopped on the street and a driver backed up at a high rate of speed and collided with Plaintiffs' stopped vehicle,

causing injuries to all of them. The driver of the second vehicle stopped, shared some information with Plaintiffs, but fled the scene before the police arrived.

2. Research on the information provided by the fleeing driver revealed him to be Jaquan Reeves. He was driving a vehicle owned by Enterprise Leasing Co. and rented to Sherrell Dorsey. It is further alleged that Ms. Dorsey did not have insurance on the striking vehicle and that Mr. Reeves was not an authorized driver on the lease contract between Ms. Dorsey and Enterprise.

3. It is alleged that Enterprise and its claims handling company, Elco Claims Service, has accepted liability on the claim by Plaintiffs but has limited its offer to settle at the statutory limits of 21 *Del. C.* § 6101, or $10,000 per person/ 20,000 per accident in personal injuries and $5,000 in property damage.

4. Plaintiff's saga gets a good bit more complicated the further one reads. Apparently Ms. Dorsey was in a previous accident herself at which time she was insured by GEICO. The Enterprise rental car she rented was part of her insurance arrangement with GEICO. But Plaintiff alleges that GEICO was not insuring Ms. Dorsey when she was in this accident. Then Plaintiff tells us he too was involved in a different accident, just days before this one, over in New Jersey. Where all of these stray facts take us is quite unclear as they do not impact the operation of 21 *Del. C.* § 6101 or, so far as the Court can determine, Defendants' right to dismissal.

2

5. After requesting additional clarification from Plaintiffs as to their specific complaint against Defendants, Plaintiffs have presented what they believe to be "clear and convincing evidence" that Ms. Dorsey "opted out of Enterprise's financial responsibility/liability coverage from day one of the contract." From this, Plaintiffs argue that Enterprise is liable for failing to ensure that Ms. Dorsey had her own insurance coverage, presumably from GEICO.

6. This is not, then, a personal injury action against a tortfeasor. Rather, Plaintiffs seem to be looking for a ruling that Enterprise and its claims company Elco are liable to Plaintiffs for any damages resulting from the accident because Enterprise failed to ensure that Ms. Dorsey had more or better insurance than she did. In its second count, Plaintiff alleges bad faith on the part of Enterprise, again, based on its failure to ensure that Ms. Dorsey had more insurance than she did.

7. Plaintiffs' Complaint stems from a fundamental misunderstanding of the financial responsibility law of rental vehicles as articulated by 21 *Del. C.* § 6101. The Code is clear that car rental companies, such as Enterprise here, must carry liability insurance on their vehicles in certain minimum amounts. These minimums are there to protect other drivers, such as Plaintiffs, just as "no fault" financial responsibility laws do for non-rented vehicles.[1] The rental company may offer additional coverage for an additional fee. The rental "ticket" placed before the Court

---

[1] *See* 21 *Del. C.* § 2118.

3

by Enterprise here indicates that Enterprise offered additional insurance and Ms. Dorsey declined. There was nothing tortious, unlawful or even improper by Enterprise or its claims company in what happened here. Because the rental car company's insurance obligation is limited to the statutory minimums in section 6101, the rental company cannot be liable because the renter did not have different or more coverage when she rented the vehicle.

8.     There is no legal obligation for Enterprise or its claims company Elco to determine what other auto insurance its renters maintain on what vehicles. Its duties are defined by the Code and it is clear that Enterprise is aware of and followed its duties. The Court concludes that Enterprise duly insured the vehicle within the statutory minimums required of Enterprise and it did not owe Plaintiff other duties under the Code or the common law, at least as articulated in this Complaint.

9.     Understanding that the Plaintiffs appear *pro se*, the Court does not wish to prejudice their right to recover the statutory minimum insurance required by the Code. The Court understands that Enterprise has not denied coverage to the extent of the statutory minimums set forth in section 6101 and the Court does not read Plaintiffs' Complaint to seek a ruling on his entitlement to that amount. To the extent

4

Plaintiffs' Complaint is that they are entitled to more than the statutory minimum, they are simply incorrect and the Complaint will be dismissed with prejudice.[2]

The Motion of Enterprise and Elco Claims to dismiss the Complaint is therefore **GRANTED**.

    **IT IS SO ORDERED**.

Judge Charles E. Butler

---

[2] While this matter was under submission, Plaintiffs filed a "motion to dismiss without prejudice," explaining that Plaintiffs have a rather vague intent to re-file in federal court but would like the ability to come back to state court if things do not work out there. Apparently, the idea of a federal lawsuit has something to do with the separate action relating to the New Jersey accident that the Court understands to be an "ordinary" car accident/tort suit. This is not a tort case; it seeks something like a declaratory judgment concerning the scope of a rental car company's duty to insure its vehicles. This Complaint is dismissible on its face and will remain so even if/when it comes back from federal court. The Court therefore denies the request to dismiss without prejudice as doing so only prolongs the inevitable.